**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patricia HADDEN, Defendant–Appellant.**

No. 01–5283.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

This is a direct appeal from a judgment and commitment order in a criminal prosecution in which the only issue raised for appellate review goes to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Patricia Hadden was named in an indictment for Social Security fraud. The district court subsequently accepted Hadden's plea to the indictment and found her guilty of one count of Social Security fraud, in violation of 42 U.S.C. § 408(a)(4),

and sentenced her to a twelve month term of imprisonment to be followed by a three year period of supervised release.

Hadden was the custodial parent of her daughter, Amber, in December 1991, when she applied for Social Security benefits on behalf of Amber. The parties agree that Amber lived with Hadden at that time and that Hadden's initial application was proper in all respects. The Social Security Administration made Hadden aware at that time of the many responsibilities she was assuming as the payee. She was specifically charged with notifying the Administration of any change in her status as custodial parent or if Amber no longer lived with Hadden for any other reason.

On January 20, 1993, the Commonwealth of Kentucky removed Amber from Hadden's home. Hadden did not notify the Administration of this change in her status as custodial parent and, in October 1995, Hadden received the first Social Security benefit check from the Administration based solely on Hadden's status as custodial parent of Amber. Hadden had at least three communications in the following years in which she notified the Administration of her change of address, in addition to a formal re-contact in May 1998, but she never informed the Administration that Amber was no longer living with her. Hadden continued to receive benefit checks through March 1999, at which point it was apparently discovered that she did not have custody of Amber. The total payments received by Hadden to which she was not entitled, that is, after subtracting the portion attributable to the period of time when Amber lived with Hadden, amounted to $5,144.

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Hadden pleaded guilty to one count of Social Security fraud, the court accepted the plea and ordered the case held over pending completion of a presentence investigation report. Included in that report was a recommendation that Hadden's base offense computation should be increased by two levels because her offense conduct reflected "more than minimal planning" within the meaning of USSG § 2F1.1(b)(2)(A). Hadden's counsel objected to this enhancement, the court overruled his objection, and proceeded to sentence Hadden to the judgment of record.

On appeal, counsel for Hadden assigns as error the finding that Hadden engaged in "more than minimal planning" under USSG § 2F1.1(b)(2)(A). An adjustment to one's base offense computation for "more than minimal planning" under § 2F1.1(b)(2)(A) of the guidelines is appropriate (1) if the offense involves more planning than is typical for a commission of the offense in a simple form; (2) if significant affirmative steps were taken to conceal the offense; or (3) where there are repeated acts over a period of time, unless it is clear that each instance was purely opportune. *United States v. Ivery,* 999 F.2d 1043, 1045–46 (6th Cir.1993) (citing to USSG § 1B1.1, comment. (n.1(f))). A sentencing court's finding that a § 2F1.1(b)(2)(A) enhancement is warranted is reviewed for clear error. *United States v. Ellerbee,* 73 F.3d 105, 107 (6th Cir.1996).

The judgment on review was not marred by clear error. Hadden's counsel argues that his client's offense was purely opportune as it arose only some time after she made a legitimate application for Social Security benefits. The government responds, however, that the enhancement was warranted by Hadden's repeated acts of 1) accepting and cashing checks to which she was not entitled; 2) notifying the Administration of three separate changes of address without mentioning that she was no longer Amber's custodial parent; and, 3) affirmatively failing to note Amber's change of residency on a 1998 recontact report to the Administration. These acts fall squarely within the plain meaning of repeated, affirmative acts taken over a period of time to conceal the offense that characterize "more than minimal planning." The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.